**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE W. BERMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:16-CV-0508 |
| | : | |
| LOT NUMBER 297, IN BERWICK HEIGHTS NO. 2, 1362 HADDON ROAD – COLUMBUS, OHIO, et al., | : | Judge Watson |
| | : | |
| | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | : | |

## MOTION OF DEFENDANTS, VORYS, SATER, SEYMOUR AND PEASE LLP, JOHN C. VORYS, JAMES M. BALL, DONALD J. SHULLER, AND ROBERT H. SCHOTTENSTEIN, TO DISMISS COMPLAINT

Now come defendants, Vorys, Sater, Seymour and Pease LLP ("Vorys"), John C. Vorys, James M. Ball and Donald J. Shuller (the "Vorys Defendants") and Robert H. Schottenstein ("Mr. Schottenstein," collectively with the Vorys Defendants, the "Defendants"), pursuant to Fed. R. Civ. P. 12(b)(6), and move for an order dismissing Plaintiff's Complaint for failure to state a claim upon which relief may be granted and for failure to meet the pleading requirements of Rules 8(a) and 9(b).  This motion is supported by the attached memorandum.

                                        Respectfully submitted,

Dated:  August 3, 2016

/s/ Robert N. Webner
Robert N. Webner       (0029984)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-8243 – Telephone
(614) 719-5083 – Facsimile

Attorney for Defendants, Vorys, Sater, Seymour and Pease LLP, John C. Vorys, James M. Ball, Donald J. Shuller and Robert H. Schottenstein

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

I.     PRELIMINARY STATEMENT

Plaintiff, who has been declared a vexatious litigator by an Ohio court,[1] has filed a rambling, incomprehensible Complaint against 24 unrelated defendants, including multiple attorneys, the United States Attorney General, and a parcel of land.  Two of the unlucky people named as defendants, James M. Ball and John C. Vorys, are not even mentioned in the 45-page Complaint.  Donald J. Shuller is mentioned precisely *once*.  The remaining Defendants, Mr. Schottenstein and Vorys, have not been involved with Plaintiff for more than 20 years.

Although Plaintiff enumerates 17 counts, his claim or claims all appear to relate to an alleged violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  The claims fail because the disjointed Complaint does not plead any facts that would make any claims – under RICO, or otherwise – plausible under the standards established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Moreover, the Complaint fails to allege cognizable civil RICO claims for a series of additional reasons, and all of Plaintiff's claims also are time-barred.

Through this new Complaint, Plaintiff is once again abusing the legal process.  His claims against Defendants fail for multiple reasons and should be dismissed by this Court.

II.    THE COMPLAINT'S FACTUAL ALLEGATIONS ABOUT DEFENDANTS

Plaintiff evidently posits that the dozens of different Defendants conspired to manipulate the legal process to deprive Plaintiff of right, title, and interest to property at 1362 Haddon Road (the "Property"). (Compl. pgs. 4, 14, 16.)  The alleged conspiracy began in 1980 and

---

[1] *See State. ex Rel. Sapp v. Franklin County Court of Appeals*, 118 Ohio St. 3d 368 (2008).

purportedly involves almost every imaginable lawyer and court officer who had any contact with foreclosure proceedings involving a mortgage covering the Property. (*Id.* pgs. 4, 7.)

      A.      <u>**Allegations Against Mr. Schottenstein.**</u>

Plaintiff alleges that, in 1980, Mr. Schottenstein filed a foreclosure complaint. (Compl. pg. 10.) He contends that Mr. Schottenstein's firm had represented Plaintiff in the past and was "barred from taking the non-noticed and baseless action." (*Id.*) He alleges that the foreclosure action was wrongful because The Railroad Savings and Loan Company ("Railroad") lacked standing and had previously gone out of business. (*Id.*) He asserts that the complaint filed in the foreclosure action was "fraudulent, void ab initio, and a fraud on the Court," (*id.*), and that Mr. Schottenstein was replaced as counsel for Railroad in April 1981. (*Id.* pg. 11.)

      B.      <u>**Allegations Against the Vorys Defendants.**</u>

Plaintiff alleges that, in January 1981, James Cushman, a former partner at Vorys who died in 1997, became counsel for Plaintiff and Forex Corp., a company that owned the Bermans' real estate, in the foreclosure action. (*Id.* pgs. 11, 41.) He asserts that Mr. Cushman and opposing counsel agreed to stay proceedings on condition that Plaintiff make payments for two years, after which a "*new* loan agreement" would be created. (*Id.* pg. 12.) Plaintiff contends that he made $55,730.00 in payments, but he does not know to whom he made payments and instead simply alleges that the sum was "extorted" by some unknown party. (*Id.* pgs. 12, 13, 41.)[2]

Plaintiff alleges that Mr. Cushman represented Plaintiff in the foreclosure until December 1984, when he "mysteriously disappeared," that Vorys "denied Berman's request for substitute counsel," and that Vorys formally withdrew as counsel in 1993. (*Id.* pgs. 12, 31, 40-41.)

---

[2] Plaintiff alleges that the Vorys Defendants were "representing and/or trying to play both sides of the street" during the foreclosure. (Compl. pg. 40.) He alleges that Vorys served as both the "creator" of KGM Investment Co., which Plaintiff asserts was "a legal fiction," and the "attempted resurrector" of both Diamond Savings and Loan, which Plaintiff contends "was merged out of existence by Vorys in [sic] or before October 28, 1992," and Railroad, which was incorporated in 1981. (*Id.* pgs. 16, 17, 18.)

### III. STANDARD OF REVIEW

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief, requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555.  A viable Complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," "only a complaint that states a plausible claim for relief [can] survive[] a motion to dismiss," and factual allegations that are only "consistent with" or that merely suggest a "possibility of misconduct" are insufficient to state a plausible claim. *Iqbal*, 556 U.S. at 679 (citation and internal quotations omitted).[3]

After *Iqbal*, a motion to dismiss serves to "screen[] out the 'little green men' cases" along with "cases that, while not utterly impossible, are 'implausible.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009).  This is one such "little green men" case.

### IV. ARGUMENT

#### A. Plaintiff Has Not Alleged A Plausible Claim.

A complaint is properly dismissed where, as here, it fails to allege particular acts by the individual defendants, and instead makes general allegations about the actions of "the defendants."  As this Court has explained:

---

[3] This standard is fully applicable to *pro se* complaints. *See Zibbell v. Mich. Dep't of Human Servs.*, 313 Fed. Appx. 843, 846 (6th Cir. 2009) (affirming ruling dismissing *pro se* ADA claim and finding that "[i]t was not enough for the Zibbells to allege, in essence, that the two Departments denied them services after informing them that they were too 'rich' to receive benefits."); *Davis v. City of Dearborn*, 2010 U.S. Dist. LEXIS 133546 (E.D. Mich. 2010) ("Plaintiff's Second Amended Complaint contains mere conclusory allegations that her car was towed in an effort to harm her because she is an African American.  Under *Iqbal*, the Court is not required to accept these bare assertions as true.").  Courts also are not required to decipher a *pro se* plaintiff's claim that "defies comprehension." *Roper v. Ford Motor Co.*, 2010 U.S. Dist. LEXIS 66302 (S.D. Ohio 2010) (finding that plaintiff's allegations amounted to nothing more than "incoherent ramblings," and recommending that defendant's motion to dismiss be granted).

> [Plaintiff] fails to provide sufficient details to put Defendants on notice of the claims he asserts against them. Though he makes a number of vague allegations against the banking system in general, [Plaintiff] does not assert any details specifically against each individual Defendant. He fails to allege that he was a customer of each Defendant, fails to identify the loans extended to him by each Defendant, and fails to identify any loans on which the Defendants have foreclosed.

*Rudd v. Keybank,* 2006 U.S. Dist. LEXIS 5357, at *11 (S.D. Ohio Jan. 25, 2006); *see also Roseborough v. City of Trotwood*, 2006 U.S. Dist. LEXIS 61756, at *7 (S.D. Ohio Aug. 30, 2006) (complaint failed to meet Rule 8 pleading requirements where "Defendants are gathered up in one undifferentiated lump"); *Plymale v. Freeman*, 1991 U.S. App. LEXIS 6996 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" complaint containing nonsensical claims).

In this case, the 45-page Complaint makes sweeping assertions of imagined conspiracies involving "all Defendants," but it fails to allege any specific actionable conduct on the part of defendants individually. For example, Mr. Schottenstein makes only a fleeting appearance for filing a foreclosure complaint in 1980, but Plaintiff never attempts to explain how the filing of that complaint is linked to the allegedly nefarious actions cryptically and incoherently described in the Complaint. The conclusory allegation that the foreclosure complaint was "fraudulent, void ab initio, and a fraud on the [c]ourt" due to an alleged lack of standing, also does not give Mr. Schottenstein fair notice of the grounds for Plaintiff's claims. Liberal use of adjectives simply does not substitute for factual allegations that might support actual claims.

The claims against the Vorys Defendants are doomed by the same flaw. John C. Vorys and James M. Ball are *never* mentioned in the Complaint; Donald J. Shuller is mentioned only once and in passing. (Compl., pg. 16.) These individuals have no notice whatsoever as to the grounds for Plaintiff's purported claims. The Vorys law firm, on the other hand, is alleged to be liable only in Count 7 (Obstruction of Justice) and Count 16 (Legal Malpractice). In Count 7,

Plaintiff utterly fails to allege any <u>facts</u> that might remotely suggest that Vorys intimidated or impeded any juror or officer of the court in the administration of justice. In Count 16, Plaintiff alleges that Vorys tried "to play both sides of the street" and denied Plaintiff's "request to provide substitute counsel," (Compl., pg. 41) – allegations that are the quintessential "conclusory statements" found to be insufficient to state a claim in *Iqbal* and *Twombly*.

Defendants should not be required to decipher confused, non-linear allegations or answer "claims" that consist wholly of conclusory allegations and random quotations from inapplicable authorities. Because the Complaint offers only "labels and conclusions" as to the Defendants, Plaintiffs' claims do not meet the plausibility standard of *Iqbal* and *Twombly* and the requirements of Rule 8(a) and must be dismissed.

  **B.**   <u>**Plaintiff's Fraud Claims Do Not Satisfy Rule 9(b)**</u>**.**

Rule 9(b) requires that a plaintiff do more than generically attribute fraudulent actions to "the Defendants." *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 564 (6th Cir. 2003). In *Hoover v. Langston Equip. Assoc., Inc.*, 958 F.2d 742 (6th Cir. 1992), the Sixth Circuit affirmed dismissal of claims under RICO, Section 10(b) of the Securities and Exchange Act, and for common law fraud due to plaintiffs' failure to specifically identify the particular misrepresentations associated with individual defendants:

> The district court did not err in its alternative ground for dismissing Count One pursuant to Rule 9(b), that plaintiffs had not alleged with specificity who had made particular misrepresentations and when they were made but rather plaintiffs had articulated general averments of fraud attributed to "the defendants." The complaint identifies relationships between various of the defendants but it alleges misrepresentations without sufficiently identifying which defendants made them. The complaint does not enable a particular defendant to determine with what it is charged.

*Id.* at 745; *see also Heinrichs v. Dunn*, 2014 U.S. Dist. LEXIS 98767 (S.D. Ohio. July 21, 2014) (dismissing a claim based upon plaintiff's failure to allege fraud with particularity for each defendant identified in the complaint).

Plaintiff apparently seeks to allege fraud in Count 2 (fraud), Count 3 (mail fraud), and Count 4 (wire fraud). (Compl. pgs. 25-28.) He therefore must plead with particularity "the time, place and contents of the misrepresentation(s)," *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984), for each Defendant being accused of such conduct. Plaintiff has failed to do so. Counts 2, 3 and 4 contain mere recitations of the elements, devoid of any facts, and therefore do not satisfy Rule 9(b). Furthermore, those counts do not specify that any individual Defendant is responsible for a claimed misrepresentation. Instead, they allege fraud on the basis of wholly general, conclusory statements, such as that "[a]ll members of the RICO [e]nterprise are subject to liability" and "Defendants intentionally and recklessly represented material and false facts with the intent to cause the Plaintiff to act, or not to act, in accordance with the false representations." (Compl. pg. 27.) Such unspecific allegations are insufficient under Rule 9(b).

### C. **Plaintiff Fails To Plead Essential Elements of RICO Claims.**

Plaintiff's 17 counts try – and utterly fail – to allege a civil claim under RICO, which imposes liability upon a person who conducts or participates in the conduct of an enterprise through a pattern of racketeering activity. 18 U.S.C. § 1964.[4]

Each subsection of Section 1962 of the RICO statute establishes a distinct violation and requires a different set of specific factual allegations to assert such a violation. *See* 18 U.S.C. § 1962(a) – (d). It is unclear whether Plaintiff seeks to allege a violation only of Section 1962(c),

---

[4] Although Plaintiff does not label all 17 counts as RICO claims, the introduction to the Complaint, *see* (Compl. pg.4), and the headings of the 17 counts, suggest that Plaintiff views them as part of or directly related to the alleged RICO conspiracy. For that reason, Defendants treat the counts as part of an effort to allege a single RICO violation.

*see* (Compl. pg. 5), or of multiple subsections of the RICO statute. In any case, the Complaint plainly fails to allege a claim under any of those subsections.

### 1. The Complaint Fails to Plead a Section 1962(a) RICO Violation.

Section 1962(a) of RICO makes it illegal to use income derived from a pattern of racketeering activity to acquire an interest in, or the establishment or operation of, an enterprise.

The core building block of any RICO claim is the existence of a "pattern of racketeering activity." The RICO statute itself defines predicate acts of racketeering activity with considerable specificity, through identification of particular statutes and particular types of criminal conduct. *See* 18 U.S.C. § 1961(1). As one court explained, "RICO's list of acts constituting predicate acts of racketeering activity is exhaustive," and reading the statute to allow conduct that is not listed in Section 1961(1) to nevertheless serve as a predicate act would "usurp the role of Congress in drafting statutes." *Annulli v. Panikkar*, 200 F.3d 189, 200 (3rd Cir. 1999). Accordingly, only conduct that is listed in Section 1961(1) may count as a predicate act and, in turn, as part of a "pattern of racketeering activity." *Id.* at 199-200.

Here, Plaintiff makes no factual allegations that suggest that Defendants committed any predicate act of racketeering activity. Indeed, most of the acts that Plaintiff apparently asserts are part of a pattern of racketeering activity do not fall within the limited definition of "racketeering activity" set forth in the RICO statute. *See* 18 U.S.C. § 1961(1).[5] *See Annulli*, 200

---

[5] The following counts allege certain actions that are not within the definition of 18 U.S.C. § 1961(1) and thus could not constitute predicate acts even if they had occurred: Count 1, concerning quiet title, and Count 5, alleging slander of title (Compl. pgs. 24-25, 29); Counts 2, 12 and 14, alleging conspiracy to violate sections of the RESTATEMENT (SECOND) OF TORTS (Compl. pgs. 25-27; 36-37; 38-39); Count 6, alleging conspiracy to violate the Constitution (Compl. pgs. 29-30); Counts 8 and 11, alleging conspiracy to violate sections of the RESTATEMENT (SECOND) OF CONTRACTS (Compl. pgs. 33-34; 35-36); Count 9, alleging conspiracy to violate 15 U.S.C. § 1692 et seq.; 15 U.S.C. § 1681 et seq. and 15 U.S.C. § 1601, et seq. (Compl. pg. 34); Counts 13 and 15, alleging conspiracy and liability for excessive costs to violate 18 U.S.C. § 3; 42 U.S.C. § 1986; and 18 U.S.C.A. § 241 (Compl. 37-38; 39-40); Count 16, alleging conspiracy to commit legal malpractice 28 U.S.C. § 242 (Compl. pgs. 40-41); and Count 17, alleging conspiracy to commit tortious interference (Compl. pg. 41).

F.3d at 199-200 ("theft by deception," breach of contract, and intentional interference with contract are not RICO predicate acts); *Williams v. Hollingsworth Group, Inc.,* 2000 U.S. App. LEXIS 29178, at *5-6 (6th Cir. Nov. 8, 2000) (Rule 28(g) case) ("The defendants' alleged violations of 18 U.S.C. §§ 287, 371 and 1001 could not be predicate acts for purposes of a civil RICO suit because these statutory sections are not listed in 18 U.S.C. § 1961(1)."); *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997) (allegations of "criminal conspiracy" to deprive plaintiff of "his civil rights and to injure his reputation and standing in the community" were not RICO predicate acts); *Vandermark v. City of New York*, 615 F. Supp. 2d 196, 209-10 (S.D.N.Y. 2009) (alleged violations of the Fair Labor Standards Act were not RICO racketeering acts), *aff'd*, 391 Fed. Appx. 957 (2nd Cir. Sept. 7, 2010).

Furthermore, even in the few instances where Plaintiff does identify acts that fall within the definition of "racketeering activity," the Complaint fails to makes cognizable allegations sufficient to allege that defendants engaged in the prohibited conduct.

For example, Rule 9(b) applies to Plaintiff's allegations of mail and wire fraud, *see Perkins v. Rieser*, 2012 U.S. Dist. LEXIS 87987 (S.D. Ohio June 26, 2012), and therefore Plaintiff must specify the time, place and contents of claimed misrepresentations, the fraudulent scheme, and the fraudulent intent of the defendant. *See Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d at 322. Plaintiff also must state, with specificity, the particular misconduct allegedly committed by each individual defendant. *See Hoover*, 958 F.2d at 745. Plaintiff's Counts 3 and 4, (Compl. pg. 28), merely parrot the terms of the mail and wire fraud statutes and do not meet any of these requirements. *See Leeds v. City of Muldraugh, Meade County, Kentucky*, 174 Fed. Appx. 251, 254 (6th Cir. 2006) (affirming dismissal of RICO claims under Rule 9(b) when plaintiffs "failed to describe any specific acts of fraud").

Although Plaintiff's Count 7 and Count 10 cite 18 U.S.C. § 1503 and 18 U.S.C. § 1951, (Compl. pgs. 30-32, 35), the Complaint makes no allegations of any conduct by any Defendants that would constitute an offense under those statutes. There is no claim, for example, that any Defendants used corrupt acts or threats to influence or impede jury deliberations, judicial proceedings, or the administration of justice, *see* 18 U.S.C. § 1503, or that Defendants disrupted commerce through robbery, extortion, or threats of violence, *see* 18 U.S.C. § 1951. Moreover, 18 U.S.C. § 1503 concerns only a "court of the United States," and the foreclosure action that is the evident focus of the Complaint was brought in state court, not a "court of the United States." Absent any factual allegations of conduct that fall within the scope of these statutes, a RICO claim that asserts a pattern of racketeering activity based on claimed violations of the statutes is not plausible and must be dismissed.

In addition to failing to allege any predicate acts of racketeering activity, Plaintiff's unfocused, meandering allegations simply do not allege criminal activity sufficient in duration and scope to constitute a "pattern of racketeering activity." *See* 18 U.S.C. § 1961(5). Because the allegations all relate to a single foreclosure action that ended years ago, they do not assert conduct of sufficient continuity and relatedness to constitute a "pattern." *See H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 238-39 (1989); *Vild v. Visconsi*, 956 F.2d 560, 570 (6th Cir. 1993); *Mitchell v. Proctor & Gamble*, 2010 U.S. Dist. LEXIS 17956 (S.D. Ohio Mar. 1, 2010).

The Complaint also fails to plead a viable RICO "enterprise." Plaintiff's allegation of a sprawling "association-in-fact" enterprise of "Defendants" generally is based wholly on random references to case law and constitutional provisions, *see* (Compl. pgs. 20-21), without any factual allegations. Plaintiff simply asserts that the "defendants, their various agents and employees, and their co-conspirators, formed an 'enterprise' (The Enterprise")" [sic] as that term is defined in 18

U.S.C. §1961(4)" which functioned to "achieve through illegal means, the shared goals of making profits and avoiding the consequences of their actions." (*Id.* pg. 7.) Such bare, conclusory assertions are not sufficient to allege an enterprise and therefore do not assert a plausible claim. *See Iqbal*, 556 U.S. at 677.

In addition to failing to allege a viable pattern of racketeering activity or a proper RICO enterprise, Plaintiff also does not state a cognizable Section 1962(a) claim because he has not alleged that Defendants have received income from an alleged pattern, or that Defendants have used or invested such income in acquiring an interest in, or establishing or operating, an enterprise. *See* 18 U.S.C. § 1962(a).

### 2. The Complaint Fails to Plead a Section 1962(b) RICO Violation.

To assert a Section 1962(b) claim, Plaintiff must plead facts that establish that Defendants: (1) acquired or maintained (2) through a pattern of racketeering activity (3) an interest in or control of an enterprise (4) engaged in, or the activities of which affect, interstate or foreign commerce. *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 321-22 (6th Cir. 1999). Plaintiff also must demonstrate that he was injured by the Defendants' acquisition or control of the enterprise. *Id.* at 329.

As set forth above, the Complaint fails to properly allege any predicate acts, a pattern of racketeering activity, or a RICO enterprise. The Complaint also makes no factual allegations that plausibly satisfy the "acquisition or maintenance" element of a Section 1962(b) claim; it asserts only that "these [d]efendants, and each of them, were an owner, a co-owner, an agent, representative, partner, and/or alter ego of his co-defendants . . . ." (Compl. pg. 8.) Further, Plaintiff fails to plead any facts suggesting that the Defendants' alleged actions in controlling or maintaining an enterprise caused injury to Plaintiff. In short, the Complaint wholly fails to allege any element of a viable claim under Section 1962(b) of RICO.

### 3. The Complaint Fails to Plead a Section 1962(c) RICO Violation.

To state a Section 1962(c) claim, Plaintiff must plead that a defendant engaged in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Salinas v. U.S.*, 522 U.S. 52, 62 (1997).  Plaintiff also has not sufficiently alleged these elements.

Plaintiff's utter failure to allege any cognizable predicate act, pattern of racketeering activity, or enterprise, described above, is fatal to his Section 1962(c) claim.  Plaintiff also does not allege that any of the Defendants "conducted" or "participated in the conduct" of the enterprise.  The words "conduct" or "participate" imply a degree of direction, and mean that the defendant must have "some part in directing the enterprise's affairs." *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *see also Stone v. Kirk*, 8 F.3d 1079, 1091-92 (6th Cir. 1993).  Here, there are no factual allegations supporting the notion that the Defendants directed, participated, or engaged in the conduct of any enterprise.  For all of these reasons, Plaintiff has not stated a claim under Section 1962(c).

### 4. The Complaint Fails to Plead a Section 1962(d) RICO Violation.

Finally, if Plaintiff is attempting to plead a form of RICO conspiracy under 18 U.S.C. § 1962(d), *see* (Compl. pgs. 20-21), that claim also fails.

First, Plaintiff alleges no facts that would support an allegation that the Defendants were engaged in any kind of conspiracy, much less a conspiracy to violate the RICO statute.  Second, to state a RICO conspiracy claim, Plaintiff must allege an agreement to engage in specified conduct that would have violated one of the preceding, substantive sections of Section 1962. *See* 18 U.S.C. § 1962(d); *see also Pik-Coal Co. v. Big Rivers Elec. Corp.,* 200 F.3d 884, 890 (6th Cir. 2000); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 495 (6th Cir. 1990).  For the reasons set forth above, he has not done so.

### 5. The RICO Claims are Time-Barred.

Any effort by Plaintiff to allege a RICO claim is time-barred. The statute of limitations for civil RICO claims is four years. *Agency Holding Corp. et al. v. Malley-Duff & Assoc.'s, Inc.*, 483 U.S. 143 (1987) (holding that the 4-year statute of limitations for civil enforcement under the Clayton Act, 15 U.S.C. § 15(b), applies in RICO civil enforcement actions); *see also Rotella v. Wood*, 528 U.S. 549, 551 (2000) (affirming four-year limitations period for civil RICO claims). All of the acts complained of in the Complaint occurred prior to June 2012. Plaintiff's RICO claims are therefore barred by the statute of limitations.

## D. Plaintiff's Claims Also Fail If Construed as Stand-Alone Causes of Action.

Even if this Court construes Plaintiff's 17 Counts as stand-alone causes of action, rather than efforts to plead a RICO claim, they still fail as a matter of law for the numerous reasons.

### 1. Count 1 Fails to State a Cognizable Claim.

Plaintiff's Count 1, entitled "Quiet Title," (Compl. pg. 24), is brought solely against individuals <u>other than</u> the Defendants. Moreover, there is no allegation that Plaintiff currently has "possession of real property" or "an interest in remainder or reversion in real property," which are required of any person asserting a quiet title action, *see* R.C. 5303.01; *Holstein v. Crescent Cmtys.*, 10th Dist. Franklin No. 02AP-1241, 2003-Ohio-4760, ¶ 27. Indeed, the Complaint specifically alleges that Plaintiff "never held title" to the Property. (Compl. pg. 14.)

### 2. Counts 2, 3 and 4 Fail to State a Cognizable Claim.

Counts 2, 3 and 4 of the Complaint allege general fraud, mail fraud and wire fraud based on the same type of conclusory allegations found in Plaintiff's other, inadequately pleaded claims. (Compl. pgs. 25-28.) As noted above, these claims fail to identify or allege <u>any</u> specific act by Defendants – much less any <u>actionable</u> conduct by Defendants. For these reasons, Counts 2, 3 and 4 do not meet Rule 9(b)'s pleading requirements and must be dismissed.

### 3. Count 5 Fails to State a Cognizable Claim.

Although Plaintiff's Count 5 alleges "slander of title," (Compl. pg. 29), he does not allege any conduct by any Defendant that would support such a claim. The elements of such a claim are: (1) publication of a slanderous statement disparaging claimant's title; (2) the statement was false; and (3) the statement was made with malice or reckless disregard of its falsity; and (4) the statement caused actual or special damages. *Baile-Bairead, LLC v. Magnum Land Servs., LLC*, 19 F. Supp. 3d 760, 774 (S.D. Ohio 2014). Plaintiff has not alleged any facts suggesting that any Defendant maliciously made a false and defamatory statement about his property.

### 4. Count 6 Fails to State a Cognizable Claim.

In Count 6, Plaintiff asserts claims under the U.S. Constitution for purported "deprivation of [his] rights under color of law." (Compl. pgs. 29-30.) There is no allegation that any of the Defendants engaged in conduct that violated the Constitution, or that Defendants acted on behalf of any state entity, as would be required to state a claim "under color of law."

### 5. Count 7 Fails to State a Cognizable Claim.

Count 7 of the Complaint purports to state a claim for obstruction of justice under 18 U.S.C. § 1503. (Compl. pg. 30.) Section 1503 is a criminal statute that only provides criminal penalties for its violation and does not create a civil remedy. *Mainelli*, 207 F.Supp. at 455. In addition, the Complaint does not make any factual allegations of actionable conduct by Defendants that would fall within the scope of 18 U.S.C. § 1503.

### 6. Counts 8, 13 and 16 Fail to State Cognizable Claims.

Plaintiff asserts claims for breach of contract/breach of the duty of good faith and fair dealing, liability for excessive costs under Title 28 § 1927, and legal malpractice. (Compl. pgs. 33-34, 37-38, 40-41.) To succeed on the two breach claims, Plaintiff must plead facts to support

- 13 -

the existence of a contractual relationship with Defendants, which he did not do. Therefore the claims requiring the existence of a contractual relationship with Defendants must fail.

In order to assert a direct claim for legal malpractice, it must be brought against an attorney with whom Plaintiff enjoyed an attorney-client relationship, and not the attorney's law firm. *See Nat'l Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939; *see also Comer v. Risko,* 106 Ohio St.3d 185, 189 (2005) (holding "[i]f there is no liability assigned to the agent, it logically follows that there can be no liability imposed upon the principal for the agent's actions). To be sure, Plaintiff alleges that an attorney-client relationship existed between himself and Mr. Cushman, but that relationship ended decades ago, before Mr. Cushman's death. Plaintiff did not sue Mr. Cushman for malpractice and has not pleaded facts to suggest that any of the other Vorys Defendants or Mr. Schottenstein ever maintained an attorney-client relationship with him. Additionally, Plaintiff has not pleaded facts to plausibly support how Defendants acted in bad faith, vexatiously, wantonly, or oppressively in the foreclosure proceedings, as is required under Title 28 § 1927 to recover excessive costs. Therefore, Counts 8, 13 and 16 must be dismissed.

### 7. Count 9 Fails to State a Cognizable Claim.

Count 9 of the Complaint alleges a violation of 15 U.S.C. § 1692 regarding false or misleading representations in debt collection, but Plaintiff has not identified any false or misleading representations by Defendants. Even if Plaintiff had identified a misleading statement made by a Defendant, in determining whether a statement qualifies as misleading, the Sixth Circuit employs an objective, "least-sophisticated-consumer" test which "protects naive consumers [while] prevent[ing] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Kistner v. Law Offices of Michael P. Margelefsky LLC*, 518

F.3d 433, 438-39 (6th Cir. 2008). Plaintiff has alleged no facts that would support a claim against Defendants under 15 U.S.C. § 1692 as interpreted by the Sixth Circuit and accordingly, Count 9 must be dismissed.

### 8. Count 10 Fails to State a Cognizable Claim.

Count 10 of the Complaint purports to allege a conspiracy to engage in extortion under 18 U.S.C. § 1951. (Compl. pg. 35.) As noted, *supra*, the Complaint does not make factual allegations of actionable conduct by Defendants that would fall within the scope of 18 U.S.C. § 1951. Count 10 therefore also should be dismissed by this Court.

### 9. Count 11 Fails to State a Cognizable Claim.

To recover for unjust enrichment, three elements are required: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). Count 11 alleges only that "[d]efendants were clearly enriched at Plaintiff's expense by the financial and emotional distress they caused." (Compl. at 36.) This conclusory statement does not plead facts to suggest that a plausible claim of unjust enrichment can be asserted against Defendants.

### 10. Count 12 Fails To State a Cognizable Claim.

Count 12 alleges a claim for negligent infliction of emotional distress. Under Ohio law, there is only a "traditional claim for negligent infliction of emotional distress, which requires plaintiff show that he (1) was a bystander to an accident, (2) reasonably appreciated the peril thereof, and (3) suffered serious and foreseeable emotional distress as a result of his cognizance or fear of the peril." *Hatlestad v. Conrail*, 598 N.E.2d 1302, 1307 (Ohio 10th Dist.1991) (citing *Paugh v. Hanks*, 451 N.E.2d 759 (Ohio 1983)); *see also Williams v. York Int'l Corp.*, 63 F.

Appx. 808, 814 (6th Cir. 2003). Plaintiff has not alleged any facts to support his claim. Therefore, Count 12 must be dismissed as well.

### 11. Count 14 Fails to State a Cognizable Claim.

Count 14 alleges malicious abuse of process by "the court(s) and officers thereof." (Compl. pgs. 38-39.) Plaintiff thus does not allege malicious abuse of process by Defendants. In Ohio, the tort of abuse of process has three elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) (*quoting Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 626 N.E.2d 115, 116 (Ohio 1994)). Plaintiff, again in conclusory fashion, simply alleges that the "[d]enial of hearings, issuing ex parte summary judgments, denial of counsel, extortion, obstruction of justice, extra-jurisdictional decisions and actions, false arrest and the numerous, abusive and unconstitutional acts alleged herein [were done] . . . for the purpose of damaging Plaintiff." (Compl., pg. 39.) Such conclusory statements simply do not assert a plausible claim.

### 12. Count 15 Fails to State a Cognizable Claim.

Plaintiff likewise fails to state a cognizable claim in Count 15. To succeed in an action under 18 U.S.C. 1986, Plaintiff must first establish the existence of a conspiracy to interfere with civil rights. *Cochran v. Nelson*, 1998 U.S. App. LEXIS 2048, at *5 (6th Cir. 1998). "Section 1986 imposes liability on those individuals who have knowledge of any wrongs prohibited by Section 1985, yet failed to prevent them." *Id*. Plaintiff has failed to allege any facts setting forth a conspiracy to interfere with civil rights, or that any of the Defendants had knowledge of any such conspiracy. Therefore, Count 15 must fail.

### 13. Count 17 Fails To State a Cognizable Claim.

Count 17 of the Complaint alleges a claim for tortious interference with a contract. In order to state a claim, a plaintiff must show: (1) the existence of a contract, (2) the defendant's knowledge of the contract, (3) the defendant's intentional procurement of the breach of the contract, (4) lack of justification, and (5) resulting damages. *See Kenty v. Transamerica Premium Ins. Co.*, 650 N.E.2d 863, 866 (Ohio 1995). Plaintiff's allegations simply parrot the elements of a claim for tortious interference with a contract and do not plausibly support his claims against Defendants. Plaintiff has not sufficiently alleged the existence of a contract, Defendants' knowledge of the contract, or steps taken by Defendants to cause a breach of any contract, his claim fails. Therefore, Count 17 must be dismissed.

### E. Plaintiff's Claims Are Time-Barred.

Plaintiff has not alleged any facts relevant to the claims against Defendants that occurred after 1994, (Compl., pg. 19), and it is therefore clear that his claims accrued more than two decades ago. To the extent his various counts purport to assert separate claims, rather than components of a single RICO claim, those claims are time-barred because the statutes of limitations that apply to the claims all would have expired years ago. Defendants submit the following chart that lists the limitations periods applicable to Plaintiff's stand-alone claims.

| Allegations in Complaint | Statute of Limitations | Source |
| --- | --- | --- |
| Count 1 – Quiet Title / Fraud | 4 years | O.R.C. § 2306.09(c) |
| Count 2 – Fraud | 4 years | O.R.C. § 2305.09(c) |
| Count 3 – Mail Fraud | 5 years | 18 U.S.C. § 3282 |
| Count 4 – Wire Fraud | 5 years | 18 U.S.C. § 3282 |
| Count 5 – Slander of Title | 1 year | O.R.C. § 2305.11 |

| Allegations in Complaint | Statute of Limitations | Source |
|---|---|---|
| Count 6 – *Bivens* Violation | Various* | *Statutory period is based on underlying state claim, but no such claim is alleged in Count 6 |
| Count 7 – Legal Malpractice | 1 year | O.R.C. § 2305.11 |
| Count 8 – Breach of Contract | 6 years | O.R.C. § 2305.07 |
| Count 9 – Violations of the FDCPA, FCRA & TILA | 1 year (FDCPA); 2 – 5 years (FCRA); and 1 year (TILA) | Section § 813(d) of FDCPA; 15 U.S.C. § 1681(p); 15 U.S.C. § 1640(e) |
| Count 10 – Extortion under 18 USC § 1951{ TA \s "1951" } (b)(2) | 1 year | 18 U.S.C. § 3282 |
| Count 11 – Unjust Enrichment | 6 years | O.R.C. § 2305.07 |
| Count 12 – Negligent Infliction of Emotional Distress | 2 years | O.R.C. § 2305.10 |
| Count 13 – Accessory After the Fact / Legal Malpractice | 1 year | O.R.C. § 2305.11 |
| Count 14 – Malicious Abuse of Process | 1 year | O.R.C. § 2305.11 |
| Count 15 – Neglect to Prevent Conspiracy | 1 year | 42 U.S.C. § 1986 |
| Count 16 – Legal Malpractice | 1 year | O.R.C. § 2305.11 |
| Count 17 – Tortious Interference | 4 years | O.R.C. § 2305.09 |

## V.     CONCLUSION

For all of the foregoing reasons, Defendants Vorys, Sater, Seymour and Pease LLP, John C. Vorys, James M. Ball, Donald J. Shuller, and Robert H. Schottenstein request that all of Plaintiff's claims against them be dismissed.

Respectfully submitted,

Dated: August 3, 2016

/s/ Robert N. Webner
Robert N. Webner (0029984)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
(614) 464-8243– Telephone
(614) 719-5083 – Facsimile

Attorney for Defendants, Vorys, Sater, Seymour and Pease LLP, John C. Vorys, James M. Ball, Donald J. Shuller and Robert H. Schottenstein

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically through the Court's CM/ECF System this 3rd day of August, 2016. Notice of this filing will be send via email to all parties by operation of the Court's electronic filing system.

/s/ Robert N. Webner
Robert N. Webner