IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lawrence Berman | ) | Case No. 2:16-cv-508 |
|     Plaintiff, | ) | Judge Watson |
| vs. | ) | Magistrate Kemp |
| Michael B. Coleman, et al. | ) | |
|     Defendants. | ) | |
| | ) | |

### DANA HOLDING CORPORATION'S MOTION TO DISMISS

Dana Holding Corporation, which changed its name to Dana Incorporated effective August 1, 2016 ("Dana") respectfully moves the Court under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff, Lawrence Berman's, Complaint for failure to state a claim. The reasons for this Motion are more fully set forth in the attached Memorandum.

    Respectfully submitted,

    By: /s/David Rodman Cooper
        David Rodman Cooper (0065427)
        MARSHALL & MELHORN, LLC
        Four SeaGate, Eighth Floor
        Toledo, OH 43604
        Telephone: 419-249-7100
        Facsimile: 419-249-7151
        rcooper@marshall-melhorn.com

### MEMORANDUM IN SUPPORT

Dana believes there is little doubt that Plaintiff's rambling 45-page Complaint fails to state a cognizable – let alone plausible – claim for relief against Dana. Plaintiff's Complaint

contains only a single reference to Dana on page 17 of his Complaint: "Diamond was merged out of existence, by Vorys, on or before October 28, 1992, and was defunct long before as a holding of Defendant, Dana Holding Corporation." This lone reference to Dana fails to state a claim for relief and Dana respectfully requests that Plaintiff's Complaint against it be dismissed, under authority of Fed. R. Civ. P. 12(b)(6).

### I. Plaintiff's Complaint against Dana is insufficient under Federal Pleading Standards.

Fed. R. Civ. P. 8(a)(2) states that a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's rambling 45-page Complaint fails this requirement.

Moreover, in order to defeat a Motion to Dismiss brought under Fed. R. Civ. P. 12(b)(6), a Complaint must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). And although in deciding a Motion to Dismiss, the Court must accept Plaintiff's factual allegations as true, this "assumption of truth" is "inapplicable to legal conclusions". *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Stated differently, to survive a Motion to Dismiss, "A complaint must contain sufficient factual matter…to 'state a claim that is plausible on its face'", *Id.* (quoting *Twombly* at 570).

Plaintiff's allegations against Dana are non-existent. There are no specific facts alleged against Dana that state a plausible claim for relief against Dana.

2

**II.     All of Plaintiff's claims are barred by applicable statutes of limitations.**

In reviewing Plaintiff's lengthy Complaint, all of the alleged events took place in or before 1994. In fact, Plaintiff's only mention of Dana in his Complaint, again, states: "Diamond was merged out of existence, by Vorys, on or before October 28, 1992, and was defunct long before as a holding of Defendant, Dana Holding Corporation." That was 24 years ago. Plaintiff has thus failed to plead a plausible claim against Dana – even if a comprehensible claim had been pled – because the claims are time-barred. For the Court's convenience, Dana agrees with, and hereby incorporates by reference, the chart submitted by Defendants, Vorys, Sader, Seymour, and Pease, LLP, John C. Vorys, James M. Ball, Donald J. Shuller, and Robert H. Schottenstein, delineating the statues of limitations for all of the claims contained in Plaintiff's Complaint. *See* Doc #20, page ID #169-170.

Wherefore, Defendant, Dana Holding Corporation, respectfully requests the Court dismiss Plaintiff's Complaint in its entirety.

                                                               Respectfully submitted,

By: /s/David Rodman Cooper
     David Rodman Cooper (0065427)
     MARSHALL & MELHORN, LLC
     Four SeaGate, Eighth Floor
     Toledo, OH 43604
     Telephone: 419-249-7100
     Facsimile: 419-249-7151
     rcooper@marshall-melhorn.com

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing was filed electronically on August 10, 2016. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. I also certify that on August 10, 2016, a copy of the foregoing was sent via regular U.S. Mail to:

>Lawrence Berman
>P.O. Box 9421
>Columbus, OH 43209

>>/s/David Rodman Cooper
>>David Rodman Cooper