IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

FILED
RICHARD W. NAGEL
CLERK OF COURT

2016 NOV -2 PM 12: 55

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

UNITED STATES, Ex Rel.
STATE OF OHIO, Ex Rel.

LAWRENCE W. BERMAN, et al

Case No.    2:16 CV 0508

PLAINTIFFS

V.

MICHAEL B. COLEMAN et al

DEFENDANTS


## AMENDMENT TO COMPLAINT

1. MOTION FOR RECUSAL AND DISQUALIFICATION OF JUDGE(S)
(28 U.S.C. §§ 351-364)   (28 U.S.C. § 455)

2. DEPRIVATION OF DUE PROCESS UNDER COLOR OF LAW

3. AMENDED DEMAND FOR VENUE TRANSFER
(Specificity added) TO COURT OF FEDERAL CLAIMS
28 U.S.C § 1412

4. NOTICE OF ADDITIONAL PARTIES - EX RELATIONE (2)

5.  NOTICE OF RICO'S LIBERAL CONSTRUCTION RULE

6.  FRAUD ON THE COURT

7. VACATE VOID ORDER OF DISMISSAL
Haines v Kerner, 404 U.S. 519

8. DUTY TO DISQUALIFY

9. EMERGENCY MOTION FOR CONSTRUCTIVE TRUST
DOCTRINE OF UNJUST ENRICHMENT by FRAUD

10. RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW
FRCP 50(B) (2)

## BACKGROUND

Case Number 2:16-CV-0508 was initially filed June 7, 2016

The front page of the initial Complaint (attached) clearly shows the document includes the following notation, on its face: "*MOTION TO TRANSFER VENUE - pg. 6*".

Mandatory transfer is clearly and extensively articulated on the indicated, page 6. Said Motion is repeated here, in its entirety, to wit:

### MOTION FOR CHANGE OF VENUE

*Plaintiff respectfully moves for transfer of this Case to another federal district court, located at least one district removed, from the Sixth District of Ohio, The reason for this request is that the Sixth District Court is not clearly and unambiguously impartial in its relationship to the facts and the Parties about which this Case is concerned.*

*This request is made in the interest of justice, pursuant to 28 U.S. Code §1412, through Plaintiffs knowledge of Ohio Courts regarding the subject matter of this Complaint, and malicious, fraudulent and unconstitutional conduct of Sixth District Court(s) in ongoing Case Number 1:10-CV-950, and related cases, (i.e. fraud by the court in (Void) case 2:11-cv-00008) (Exhibit V-1) in which this Plaintiff is wrongfully alleged to be a Party; and also due to a VOID "ORDER" of the Sixth Circuit Court of Appeals in 12F3d 211 (Exhibit V-2).*

*Based on the Sixth District Court's obstruction of justice, denial of due process, and unrelenting corruption of civil process; and said courts support of malicious blacklisting of this Plaintiff, in concert with others, denying Plaintiff's right to counsel, and right to be heard in a court of law, Plaintiff is, has, and will continue to wither in the Sixth District court system in this important cause.*

*Additionally, Ohio offices of the U.S. Attorney and the FBI routinely, maliciously and unreasonably, have stonewalled and tacitly refused to receive or act on information or requests for investigative inquiry regarding substantive issues of this Complaint.*

*Under these constraints and, in the interests of justice, venue transfer to an unbiased and competent federal court is not arbitrary; it is **mandatory**.*

*Plaintiff reserves the right to approve the transferee court, and agrees to **remit the standard filing fee to said court upon docketing** in the transferee court for due process and jury trial.*

The Case was assigned to Judge Michael H. Watson and Magistrate Judge Terrence P. Kemp.

Appointment of a Magistrate Judge, without waiver, is non-discretionary. No waiver was sought nor offered, jurisdiction was not anticipated to remain within the Sixth District court system pursuant to the *transfer* Motion, included in the Complaint. (Also See "*Special Appearance*" - Attached)

*Any party, including plaintiff, may move for a transfer under* 28 U.S.C. § 1404(a). I-T-E-Circuit Breaker Co. v. Regan, 348 F.2d 403 (8th Cir. 1965); American Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 260 (W.D. Mo. 1980).

*A party may move for transfer, even if it has waived any objection to venue.* Montgomery Ward & Co. v. Anderson Motor Service, Inc., 339 F. Supp. 713, 718 n.3 (W.D. Mo. 1971).

At time of filing, the original Complaint was accompanied by a separate notice, addressed to the Clerk, (Attached) - (not part of the Complaint), declaring Plaintiffs intent to defer the usual ($400.00) filing fee, pending transfer of the Case; at which time, the fee would be paid to the transferee court, thereby invoking jurisdiction in a district court, which Plaintiff determined to be less amenable to local influence.

2

Plaintiffs election to withhold said filing fee pending transfer, was precautionary, to prevent any impression of jurisdictional indifference by Plaintiff; who experienced dishonest, fraudulent practices by Sixth District Court officials, in an earlier, Court initiated, fictitious and fraudulent, Case # 2:11- 0008; and related Cases.

Withholding the filing fee, pending transfer, was clearly intended to establish that the Sixth District Court would be constrained from taking action over the subject matter of the Complaint, subsequent to transfer.

*Lack of jurisdiction over the subject matter may be raised at any time, even on appeal"* Hill Top Developers v. Holiday Pines Service Corp. 478 So. 2d. 368 (Fla 2nd DCA 1985

On July 12, 2016, Magistrate Judge Kemp issued an "Order" (Attached), requiring Plaintiff to *"file an in forma pauperis affidavit, or face the possibility of dismissal ...."* The order was inexplicable, ultra vires, and Void, ab initio.

*A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded, or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or at any place. ... It is not entitled to enforcement ... All proceedings founded on the void judgment are themselves regarded as invalid. 3*0A Am Jur Judgments " 44, 45.

Judge Watson, heretofore unknown to Plaintiff, refused to take any action in this Case, and appeared determined not to act. At the present time, more than one hundred fifty days after the Case was filed, the Court has not set a preliminary hearing, or set a date for a demanded jury trial, or initiated a Case transfer, or made any accommodation to due process. Nor has the Court communicated with Plaintiff, or heard Plaintiff on any subject, nor provided Plaintiff an opportunity to be heard.

*A judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights.* Sabariego v Maverick, 124 US 261, 31 L Ed 430, 8 S Ct 461, *and is not entitled to respect in any other tribunal.*

## 2. DEPRIVATION OF DUE PROCESS UNDER COLOR OF LAW

### SPECIAL APPEARANCE

*"The act of presenting oneself in a court and thereby submitting to the court's jurisdiction, but only for a specific purpose and not for all the purposes for which a lawsuit is brought."*

A Special Appearance must be determined before a Case can proceed. The Court's failure to observe the rules, eliminated any presupposition of the Court's ability to assert jurisdiction over the Case.

<u>July 26, 2016</u>, Plaintiff filed a "Special Appearance", (Attached) to challenge jurisdiction of the Magistrate Judge and resolve jurisdictional and procedural issues. Plaintiff's Special Appearance Motion included the following paragraph, to wit:

"Request for Expedited Relief."

"............*In consideration of the foregoing, Plaintiff requests that this Special Appearance be set for immediate hearing, in camera, before Honorable Michael H. Watson; that upon such hearing Plaintiff's objection to the unapproved jurisdiction of a magistrate judge be sustained, the July 12, 2016, Order, issued by Magistrate Judge Kemp in connection with this action be quashed, and the way Plaintiff's due process rights will be protected, and how expedited process can be best achieved, to preserve and protect the valuable, abandoned, real estate at issue, while process is ongoing.*"

The Court failed to respond to Plaintiffs "Special Appearance" initiative; tacitly denying the Request for Expedited Relief, addressing accumulated damages and ongoing neglect of the real estate for which the Complaint seeks quiet title.

*A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance.*" Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

*Once challenged, jurisdiction cannot be assumed, it must be proven to exist.*" Stuck v Medical Examiners 94 Ca 2d 751, 211 P2d 389

The aforesaid *Opinion and Order*, "*dismissing*" the Case, fails to provide a basis for the Courts failure to establish a docket, a case schedule or jury scheme, or provide any aspect of due process; and suggests a disposition, unconcerned with judicial propriety, the rules of court, or the United States Constitution. (See attached addendum *"Canons of Judicial Conduct"*)

*Should a judge not disqualify himself, then the judge is in violation of the Due Process Clause of the U.S. Constitution.* United States v. Sciuto, 521F.2d 842, 845(7th Cir. 1996) (*"The right to a tribunal, free from bias or prejudice is based, not on Section 144, but on the Due Process Clause."*).

*"Court has a special obligation to construe pro se litigants pleadings liberally"*
<u>Polling v. Hovnanian Enterprises 99F.Supp. 2d 502, 506-7(D.N.J. 2000)</u>

The Court's unwarranted refusal to hear this Case and failure to provide a transfer, or enable a jury trial, constitutes abuse of power and obstruction of justice.

The right of trial by jury is preserved to the Parties inviolate by Rule 38(a) of the Federal Rules of Civil Procedure.

Defendants, the majority of which failed to appear and, none of whom have denied the allegations of the Complaint, continue to reap the harvest they have fraudulently and unlawfully sown over time, with apparent certainty the court would find them faultless.

4

### 3. AMENDED DEMAND FOR VENUE TRANSFER
### SPECIFICALLY: TO COURT OF FEDERAL CLAIMS

The requisite elements of the most general form of criminal fraud, theft by false pretense, are the intentional deception of a victim by false representation or pretense with the intent of persuading the victim to part with property and with the victim parting with property in reliance on the representation or pretense and with the perpetrator intending to keep the property from the victim.

### 4. JUDICIAL NOTICE OF ADDITIONAL PARTIES - EX RELATIONE (2)

Plaintiff requests Judicial Notice of addition of two Parties, Ex Relatione, added to this Common Law Complaint, Pursuant to Rule 201(c) and 201(d).

Subsequent to the transfer of this Case, Plaintiff will request the United States Attorney's Office and/or The Ohio Attorney General to inform a Grand Jury, under 18 U.S.C. 3331, 3332, regarding RICO offenses in Ohio courts and, specifically, the subject matter of this Case.

> *A judge is an officer of the court, as well as are all attorneys. A state judge is a state judicial officer, paid by the State to act impartially and lawfully. A federal judge is a federal judicial officer, paid by the federal government to act impartially and lawfully. State and federal attorneys fall into the same general category and must meet the same requirements. A judge is not the court.* People v. Zajic, 88 Ill. App.3d 477, 410 N.E. 2d 626 (1980)

> *Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court."* In Bulloch v. United States, 763 F.2d 1115, 1121 (10th Cir. 1985) *the court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. … It is where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function --- thus where the impartial functions of the court have been directly corrupted."*

Title 42 U.S.C. § 1986

> *Every person who, having knowledge that any of the wrongs conspired to be done and are about to be committed, and having the power to prevent or aid in the preventing of the commission of the same, neglects or refuses to do so, if such wrongful act to be committed, shall be liable to the party injured …….. For all damages, caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action….."*

### 5. NOTICE OF RICO'S LIBERAL CONSTRUCTION RULE
#### *MISSING* FROM TITLE 18 OF THE UNITED STATES CODE

Pursuant to the original Statutes at Large, RICO laws itemized in the Complaint, are to be *liberally* construed by this Court. Said construction rule was never codified in Title 18 of the United States Code, however. (See 84 Stat. 947, Sec. 904, Oct. 15, 1970).

## 6. FRAUD ON THE COURT

On information and belief, Plaintiff alleges that fraud on the court is in evidence in the records of this Case. Manifest evidence is found in the Court's, unusual "*Opinion and Order*", to wit:

1. *"Plaintiff filed a motion for leave to proceed in forma pauperis".*   The statement is simply false. Plaintiff did not file, nor contemplate filing any such motion.

2. "*Defendants ...... have collectively filed six motions to dismiss the complaint. Defendants generally argue that Plaintiff has failed to allege any actionable wrongdoing."*

Is that the true *Opinion* of the Court?  Are the unidentified, *six collective Defendants* speaking for the Court? Did the Court abandon its decision making power in favor of the "*Six Defendant Motions*"? Were the alleged Motions pursuant to Rule 12(b)(6)?

> *In deciding a Rule 12(b)(6) motion, a court must accept as true the facts pleaded in the complaint and will draw all reasonable inferences in the plaintiff's favor.* See D.P. Enterprises, Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir. 1984).

The original Complaint involved more than twenty defendants; only <u>one</u> of which entered a proper waiver and appearance notice. The "*six motions to dismiss the complaint*" - not otherwise identified  were illusory, or intended to provide cover for a Court that was clearly disinclined to act, and was constrained from acting by Plaintiff's, *unanswered, Special Appearance* Motion.

The Court's *Opinion and Order* bears the signature of Judge Watson, however the matters cited do not appear to be statements of an unbiased jurist; and, furthermore, <u>the Court's seal does not comport to the rule regarding signatures.</u>

> U.S.C. Title 28 §1691, provides, *"All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the Clerk thereof."*
>
> *"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings.*" Hagans v. Lavine, 415 U.S. 533

### 7. VACATE VOID ORDER OF DISMISSAL

Plaintiff moves to <u>Vacate</u>, as Void, the Court's Order of Dismissal (Attached). Said "Order" exceeds the Court's jurisdiction, fails to meet the requirements of U.S.C. 28 § 1691, and is Void, ab initio.

> It is settled law that the allegations of a complaint, "*however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers."* (Haines v. Kerner, 404 US 519, 520 (1972)

Said *"Order"* is <u>Void</u> for several reasons, some of which are alleged elsewhere in this Document and in the record. The *Order*'s references to a non-existent "Pauperis" Motion is baffling. That subject was addressed in Plaintiff's *Special-Appearance* Motion (Attached), challenging Jurisdiction, and requesting "Expedited Consideration". A Motion to which Judge Watson provided no response.

## 8. Duty to Disqualify

The 1974 amendments to §455 require disqualification whenever a judge's impartiality "might" reasonably be questioned, and legislative history makes clear that, in revising the statute, Congress sought to end the former obligatory "duty to sit"." The Sixth District courts, along with others, have since said that "close" questions should be decided in favor of disqualification. The instant case is not in any way "*close*." The Courts refusal to provide due process, refusal to hear the Pleadings, and propensity for issuing unsustainable and void orders, serves to protect the RICO Defendants and deny Plaintiff's rights.

Ergo, the Court may reasonably be considered as accommodating and therefore biased in adjudicating the incontrovertible facts and issues raised by the Complaint; to benefit RICO Defendants, many of whom are legal professionals and colleagues of officials serving in the Sixth District and State of Ohio courts.

Petitioner avers there is good reason to believe the above named Judges cannot hear the above Case in a fair and impartial manner.

Judge Michael H. Watson and Magistrate Judge Terrence P. Kemp must be disqualified from hearing Case Number: 2:16 - CV-0508, and said Case must be transferred, pursuant to the original Motion for transfer, to the Court of Federal Claims, for fair and impartial, De Novo, hearing and trial, pursuant to Title 18, Sec. 242, for Deprivation of Rights under Color of Law - and the allegations of the Complaint and this Amendment.

**Wherefore,** Plaintiff respectfully requests Judge Michael H. Watson and Magistrate Judge Terrence P. Kemp recuse themselves from any further proceedings in this Case, and be disqualified, as set forth in this Plaintiffs Motion for disqualification.

## 9. EMERGENCY MOTION FOR CONSTRUCTIVE TRUST

Plaintiff is informed and believes, and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment.

As a proximate result of the defendants numerous deceits, frauds, fraudulent misrepresentations, unjust enrichment and conspiracy, Plaintiff is, was, and continues to be damaged by deliberate, wanton, knowing, civil and criminal actions of the Defendants.

By reason of the fraudulent and otherwise wrongful manner in which the defendants, or any of them, obtained their alleged right, claim or interest in and to the real property, identified as 1362 Haddon Road, Columbus, Ohio, Defendants, and each of them, have no legal or equitable right, claim or interest thereto.

Defendants, and each of them, are involuntary trustees holding said property and profits and use therefrom, in constructive trust for Plaintiff, with the duty to convey the same to Plaintiff forthwith. The real estate that is the subject of the Quiet Title section of this action is rapidly deteriorating due to abandonment and neglect and laying waste by Defendants. (Pictures attached) The real estate itself is a named Defendant in this Case along with the fraudulent actors named as Defendants, and is subject to the jurisdiction of this Court.

Constructive Trust is a non-criminal sanction that permits enforcement by a private party. Plaintiff is a private party.

The Court is asked to note the property has, at this time, lost its electric and water and gas service and, presumably, is not insured, and is a blight on its upper class neighborhood. (Photo Attached)

Furthermore, during the time Defendant(s) Coleman were in direct and <u>unlawful</u> possession of the property, the home experienced three major fires, in a dwelling constructed to be *fireproof.*

Insurance proceeds, if any, after the well-publicized fires, were employed in a manner that caused significant diminishment to the value and salability of the luxury home. The Court is asked to be pro-active in preserving the home's residual value pending the transferee court's ultimate determination of physical, compensatory and RICO damages.

Plaintiff is informed and therefore alleges, Defendants will continue to lay waste to the property and cause irreparable damage to the structure and devastating damage to the property's value.

Plaintiff is the original builder and only <u>lawful</u> owner of the property, and now begs the Court's cooperation, under the unusual circumstances of this litigation, that this District Court declare a constructive trust for the benefit of the Plaintiff, to protect the home from the prospective ravages of the on-coming winter season and assure viability of the now vacant and abandoned property.

No one will be harmed by the requested action, because the title-holder, of-record, is a <u>fiction</u>, created by RICO Defendants, and does not exist. Furthermore, the house has been vacant for more than six years and is currently vacant and abandoned; the impending winter weather will have a devastating effect on the unprotected property and the Defendants are currently attempting to effect a new *transfer* or possibly, squatter habitation.

Real Estate tax payments are delinquent; and a newly created Ohio law shortens the time for foreclosure of "zombie" properties; necessitating the Court to act, with all due alacrity, to preserve the status quo.

WHEREFORE, as to this action for Constructive Trust, only, Plaintiff asks that the Court consider this Motion an Emergency, and prays for immediate judgment against all defendants and each of them, as follows:

1. For a declaration, under the doctrine of Unjust Enrichment, that Defendants did fraudulently acquire and unlawfully detain and control the real property known as 1362 Haddon Rd. Columbus, Ohio 43209, as Constructive Trustees for the benefit of Plaintiff, his heirs or assigns, by fraud, extortion, deceit and unlawful conduct;

2. For a Deed to Plaintiff or his assigns, from the Court, evidencing free and clear, and marketable title, in fee simple, to be approved by an independent, licensed title company satisfactory to Plaintiff, cancelling conflicting claims of any and every kind, whatsoever.

3. For award of, at least, One Million Dollars, cash, paid to Plaintiff, through the Court, forthwith; for partial restitution, partial compensatory damages, as to neglect and restoration of property, partial consequential damages and unpaid real estate taxes;

4. For triple legal fees and expenses and costs of this Amendment to the Complaint; and

5. For such other relief as the Court may find appropriate.

## 10. PLAINTIFFS RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

*50(B)(2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.*

Notwithstanding anything contained herein to the contrary, Plaintiff states, unequivocally, that jurisdictional constraints explicit in the pleadings, do not prevent final judgment for Plaintiff, as a matter of law, under Rule 50(B)(2) of the FRCP.

By the initial Complaint and accompanying exhibits, filed June 7, 2016, and this Amendment (The Complaint), Plaintiff has shown, by a preponderance of evidence of fraud, extortion and criminal conduct and deceit, and lack of responsive pleading by each and every Defendant, the Court now has in its possession, convincing evidence justifying the grant of Judgment as a Matter of Law.

Clear and convincing evidence presented within The Complaint is conclusive, and unchallenged. All Defendants are aware of this suit and none chose to refute the allegations, supported by overwhelming evidence of the validity of the plain words and abundant supporting material. The facts are the facts.

No reasonable jury would have a sufficient evidentiary basis to find for the Rico Defendants, who were unjustly enriched by their unlawful conduct, and are jointly and severally liable to Plaintiff for conspiratorial actions and denials over a period of three decades and all are responsible for their actions.

WHEREFORE; Plaintiff respectfully requests the Court convey to Plaintiff, clear and marketable title to Defendant Property, 1362 Haddon Road, Columbus, Ohio 43209, aka, Lot Number 297, in Berwick Heights No. 2, and grant triple damages and attorney fees, as called for in the original Complaint and in this Amendment; making its judgment final, and declaring, that any Appeal from the Court's final Judgment may not be taken in good faith.

No amount of money damages can be sufficient for decades of financial, economic and personal suffering and disruption brought upon Plaintiff, his Family and business as a result of the actions of the Defendants, many of whom are legal professionals, who knew exactly what they were doing.

Respectfully Submitted

Lawrence W. Berman
Plaintiff and Priv. Attorney General
PO Box 09421
Columbus, Ohio  43209
(614)327-6667

### VERIFICATION

I, Lawrence W. Berman, Plaintiff and Private Attorney General in the above-entitled action, state that I have read the foregoing Amended Complaint, and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Columbus, Ohio.

Dated 10/28/2016       Signature

ADDENDA

Memorandum

*CANONS OF JUDICIAL CONDUCT*
*(DUTIES OF A JUDGE)*

*"The neutrality requirement helps to guarantee that life, liberty, or property will not be taken the basis of an erroneous or distorted conception of the facts or the law."*

*Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary.*
*Canon 2: Judge Should Avoid Impropriety and the Appearance of Impropriety in all activities.*
*Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially*
*(A) Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.*
*(B) Outside Influence. A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.*
  COMMENTARY *(on Canon 2)*
  *The duty under Canon 2 to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary applies to all the judge's activities, including the discharge of the judge's adjudicative and administrative responsibilities. The duty to be respectful includes the responsibility to avoid comment or behavior that could reasonably be interpreted as harassment, prejudice or bias.*
Canon 2A. *An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.*
  *Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently*
*The duties of judicial office take precedence over all other activities. In performing the duties prescribed by law, the judge should adhere to the following standards:*
  *(A) Adjudicative Responsibilities.*
  *(1) A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.*
  *(2) A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings.*
  *(3) A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity. A judge should require similar conduct of those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process.*
  *(4) A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested. A judge may:*
  *(a) Initiate, permit, or consider ex parte communications as authorized by law;*
  *(b) when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication;*
  *(c) obtain the written advice of a disinterested expert on the law, but only after giving advance notice to the parties of the person to be consulted and the subject matter of the advice nd affording the parties reasonable opportunity to object and respond to the notice and to the advice received; or*
  *(d) With the consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters.*
  *(B) Administrative Responsibilities.*
  *(1) A judge should diligently discharge administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court personnel.*
  *(2) A judge should not direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when that conduct would contravene the Code if undertaken by the judge.*
  *(3) A judge should exercise the power of appointment fairly and only on the basis of merit, avoiding unnecessary appointments, nepotism, and favoritism. A judge should not approve compensation of appointees beyond the fair value of services rendered.*
  *(4) A judge with supervisory authority over other judges should take reasonable measures to ensure that they perform their duties timely and effectively.*
*(5) A judge should take appropriate action upon learning of reliable evidence indicating the likelihood that a judge's conduct contravened this Code or a lawyer violated applicable rules of professional conduct.*



1362 Haddon Road
Columbus, OH 43209



RECEIVED

JUN - 7 2016

RICHARD W. NAGEL, CLERK OF COURT
COLUMBUS, OHIO

UNITED STATES DISTRICT COURT
SIXTH DISTRICT OF OHIO

See: MOTION TO TRANSFER VENUE - Pg 6

LAWRENCE W. BERMAN, Et Al
PO Box 9421
Columbus, Ohio 43209
                    PLAINTIFF
            V.
Lot Number 297, in Berwick Heights No.2
1362 HADDON ROAD - COLUMBUS, OHIO

MICHAEL B. COLEMAN
FRANKIE L. COLEMAN
c/o 250 West Street - Suite 700 - Columbus, Ohio 43215

LI JIANHUA
1362 Haddon Road - Columbus, Ohio 43209

VORYS SATER SEYMOUR & PEASE LLP
Defendant and Alter Ego
52 East Gay St - Columbus, Ohio 43215

ROBERT H. SCHOTTENSTEIN
3 Easton Oval - Columbus, Ohio 43219

GERALD SWEDLOW, Esq.
155 E. Broad St.-12th Flr.- Columbus, Oh 43215

FRANKLIN COUNTY SHERIFF
373 S. High Street - Columbus, Ohio 43215

James W. Wheeler, Esq & James Gorry, Esq
TEAFORD RICH COFFMAN AND WHEELER
20 East Broad Street - Columbus, Ohio 43215

Richard Utz, Esq. and Steven I. Helfgott, Esq.
CARLISLE, MCNELLIE, & RINI CO. LPA
24755 Chagrin Boulevard - Cleveland, Ohio 44122

DANA HOLDING CORPORATION
500 S. Main St. PO Box 669 - Findlay Oh. 45839-0669

Other Defendants - Cont'd - next page

Case No. 2:16CV0508

⌐Judge Watson

MAGISTRATE JUDGE KEMP

COMPLAINT

CIVIL ACTION

42 U.S.C. 1983
28 USC §1331
28 U.S.C. 2201-2
18 U.S.C. 1961-1963
& 1964, et seq.-
RICO
ORC 5303.01. et seq
STATUTE OF FRAUDS

JURY DEMAND - Pg 26

DEFENDANTS

ADDITIONAL PARTY
NEITHER PLAINTIFF NOR DEFENDANT
(TO ENSURE PLAINTIFF'S SURVIVAL - IN THE ENDS OF JUSTICE)
U.S. ATTORNEY GENERAL- LORETTA E. LYNCH
U.S. Department of Justice - 950 Pennsylvania Avenue, NW - Washington, DC 20530-001

<u>UNITED STATES DISTRICT COURT</u>
**SIXTH DISTRICT OF OHIO**

<u>TO THE CLERK</u>

**CONDITIONAL FEE WAIVER REQUEST**

In Re:
Berman et al
Plaintiff                    Case Number _____    Judge Watson

Plaintiff in the above captioned Case, pursuant to the Motion for
Change of Venue, contained on <u>Page 6</u> of the Complaint, hereby
requests a conditional fee waiver, pending transfer of the Case as
requested in the Motion.

Plaintiff agrees to remit the standard filing fee to the transferee court,
upon docketing pursuant to the terms of the aforesaid Motion.

_____
Lawrence W. Berman
Plaintiff and PAG

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lawrence W. Berman, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:16-cv-508 |
| Lot Number 297, in Berwick Heights No.2, et al. | : | JUDGE MICHAEL H. WATSON Magistrate Judge Kemp |
| Defendants. | : | |

ORDER

This matter is before the Court on Plaintiff Lawrence W.
Berman's conditional fee waiver request. This document, filed on
June 7, 2016, was accompanied by a 48-page complaint with 46
pages of exhibits. Aside from its caption, Mr. Berman's request
for a conditional fee waiver states, in its entirety:

> Plaintiff in the above captioned Case, pursuant to the
> Motion for Change of Venue, contained on Page 6 of the
> Complaint, hereby requests a conditional fee waiver,
> pending transfer of the Case as requested in the
> Motion.

> Plaintiff agrees to remit the standard filing fee to
> the transferee court, upon docketing pursuant to the
> terms of the aforesaid Motion.

"Federal law provides that the 'clerk of each district court
shall require parties instituting any civil action, suit or
proceeding in such court, whether by original process, removal or
otherwise, to pay a filing fee of $400,' 28 U.S.C. §1914(a)."
Jones v. Shelby County Sheriff Department, 2016 WL 639057, *1
(W.D. Tenn. Jan 26, 2016). "To ensure access to the courts,
however, 28 U.S.C. §1915(a) permits an indigent to avoid payment
of filing fees by filing an in forma pauperis affidavit." Id.
That statute provides:

> (a)(1) Subject to subsection (b), any court of the
> United States may authorize the commencement,

prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C.A. §1915.

Here, Mr. Berman has neither paid the filing fee nor submitted an application to proceed in forma pauperis. His request for a conditional fee waiver, however, indicates his desire to proceed in this Court without payment of the filing fee. As explained above, the only way to do so is to submit a properly supported in forma pauperis application. Mr. Berman's conditional fee waiver request, even if construed as an in forma pauperis application, is not sufficient to allow the Court to make any determination of Mr. Berman's indigency status.

Rather, the court's review of an in forma pauperis application is normally based on an affidavit of indigence, Boone v. Spare, 2010 WL 2270515, *1 (E.D. Tenn. Apr. 20, 2010), citing Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). Furthermore, an affidavit adhering to the statute above and listing "a statement of all assets" is sufficient as long as it demonstrates that "because of poverty the petitioner cannot afford to pay the cost of litigation" without depleting their ability to afford the "necessities of life." Id.

Because Mr. Berman has failed to provide any of this information, the Court is unable to determine whether he qualifies to proceed in forma pauperis. He shall either pay the required filing fee or submit, within 20 days, a properly supported motion under 28 U.S.C. §1915(a)(1). His failure to do so may result in the dismissal of this case.

-2-

## MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge

-3-

FILED
RICHARD W. NAGEL
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

2016 JUL 26  AM 11: 24

U.S. DISTRICT COURT
Case No.    2: 16 CV H 0508 ST. OHIO
EAST. DIV. COLUMBUS

LAWRENCE W. BERMAN, et el

PLAINTIFF

V.

MICHAEL B. COLEMAN et al

DEFENDANTS

*For Expedited*
*consideration*
*Judge Watson*

## SPECIAL APPEARANCE

### A. Introduction

Plaintiff, Lawrence Berman, files this Special Appearance for the for purposes of challenging and objecting to the jurisdiction of this Court over Plaintiff's rights, person or property, and as grounds therefore, would show the Court as follows:

### B. Special Appearance
### Challenge to Jurisdiction of Magistrate Judge

1. This Special Appearance is made to the entire proceeding, and is filed prior to any other plea, pleading or Motion. Contemporaneously with the filing of this Special Appearance, Plaintiff will ask the Court to nullify the Order of the Magistrate Judge, ordering Plaintiff to file an in forma pauparis affidavit as a post-filing condition for employing this Court's services.

2. This Court does not have complete or perfect jurisdiction over the issues raised in this Case, for the reason that the Original jurisdictional grant was clearly and unambiguously conditional, (i.e. Para 3 – Page 6 of the Complaint – "Change of Venue" and not amenable to process before, and unless, the conditions stated in the Complaint are complied with or otherwise addressed. This fact is unavoidable when considered together with the "conditional fee waiver request" submitted with the original Complaint; a copy of the Conditional Fee Waiver Request is attached hereto.

3. Plaintiff did not knowingly consent to the reference or appointment of a Magistrate Judge when filing his Complaint. Plaintiff believes, and therefore argues that reference to a magistrate judge of any part of the instant Case was pre-approved by this Plaintiff, was incorrect for reasons cited herein and, wholly improper.

4. Plaintiff is informed and thereby alleges that the 6th District Court, of which this Court is a part, has denied this Plaintiff's due process rights in past actions, pursuant to orders of Magistrate Judge Kemp. Support for this assertion, is found in documents herewith attached and references on page 6 of the Complaint filed in the instant Case.

Magistrate Judge Kemp's Order for the Plaintiff to file an in forma pauparis affidavit or face the *possibility* of dismissal is Void, ab initio, including the comment that "Plaintiff wants to proceed in this Court without payment of the filing fee". (See – Order attached) Void orders are orders in excess of jurisdiction. Void orders are, forever Void, because no judge or court can make a void order "un-void".

"A void judgment is no judgment at all and is without legal effect."
**(Jordon v. Gilligan, 500 F.2d 701, 710 (6th Cir. 1974)**

"A court must vacate any judgment entered in excess of its jurisdiction.
**(Lubben v. Selective Service System Local Bd. No. 27, 453 F.2d 645 (1st Cir. 1972).**

M.J. Kemp's order is Void on several levels and should be stricken. Magistrate Judge Kemp made a similar Order in a previous matter, and was removed from participation in that case, by the sua sponte action of the Court. Plaintiff attaches, herewith, two documents from the referenced matter, illustrative of the past performance of Magistrate Kemp when ruling on a matter similar to the instant subject matter and the Court's action to replace him.

Plaintiff is not aware of any basis upon which jurisdiction over any part of this Case by Magistrate Judge Kemp would be proper.

Assumption of jurisdiction by the Magistrate Judge, whose independence and lack of bias, for or against, any party or issue of the complaint is open to question, and, who has disfavored the Court in previous action as shown in the attachments hereto, involving the same Parties and frauds as found in the instant Complaint, offends traditional notions of fair play and substantial justice, depriving Plaintiff of the right to due process of law as guaranteed by the Constitution of the United States.

### C. Request For Expedited Relief.

In consideration of the foregoing, Plaintiff requests that this Special Appearance be set for immediate hearing, in camera, before Honorable Michael H. Watson; that upon such hearing Plaintiff's objection to the jurisdiction of a magistrate judge be sustained, the July 12, 2016, Order, issued by Magistrate Judge Kemp in connection with this action be quashed, and the way Plaintiff's due process rights will be protected, and how expedited process can be best achieved, to preserve and protect the valuable, abandoned, real estate at issue, while process is ongoing.

Respectfully Submitted,

Lawrence Berman
Plaintiff and PAG
PO Box 9421
Columbus Ohio 43209
(614)701-0989
laryberman@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lawrence Berman,

      Plaintiff,

    v.

Lot Number 297, in Berwick
Heights No. 2, *et al.*,

      Defendants.

Case No. 2:16–cv–508

Judge Michael H. Watson
Magistrate Judge Kemp

OPINION AND ORDER

On June 7, 2016, Plaintiff Lawrence W. Berman ("Plaintiff") filed, *pro se*, a complaint "for quiet title to real estate," alleging violations of both the United States Constitutional and federal racketeering laws. ECF No. 1-1. Rather than pay the $400 filing fee, Plaintiff filed a motion for leave to proceed in forma pauperis. ECF No. 1.

Magistrate Judge Kemp denied this motion, noting that Plaintiff failed to provide the Court with any personal financial information. ECF No. 4. The Magistrate Judge ordered Plaintiff to "either pay the required filing fee or submit, within 20 days, a properly-supported motion" for leave to proceed in forma pauperis. *Id.* at 2. Plaintiff was warned that "[h]is failure to do so may result in the dismissal of this case." *Id.*

Plaintiff neither paid the filing fee nor filed a proper motion. Instead, he responded that the Magistrate Judge lacked jurisdiction to order him to file "an in

forma pauperis affidavit as a post-filing condition for employing this Court's services." ECF No. 14. Plaintiff appears to argue that the Court lacks jurisdiction "over the issues raised in this Case" because Plaintiff intended his invocation of the Court's "Original jurisdiction" to be "clearly and unambiguously conditional." *Id.*

Defendants did not respond to the Magistrate Judge's order or to Plaintiff's objections. Rather, they have collectively filed six motions to dismiss the complaint. ECF Nos. 19, 20, 21, 22, 23, & 24. Defendants generally argue that Plaintiff has failed to allege any actionable wrongdoing. Plaintiff has failed to respond to any of these motions and the time to do so has expired. Because Plaintiff failed to respond to Defendants' motions, the Court may deem him to have waived any opposition to the arguments set forth therein. *Humphrey v. U.S. AG Office*, 279 F. App'x 328, 331 (6th Cir. 2008); Fed. R. Civ. P. 41(b).

The Court, therefore, **DISMISSES** Plaintiff's case for two independent reasons. First, Plaintiff has failed to pay the required filing fee or file a properly-supported motion for leave to proceed in forma pauperis. To the extent Plaintiff objects to these requirements or to the Magistrate Judge's articulation of these requirements, such objections are **OVERRULED**.

Second, Plaintiff failed to prosecute his case and substantively respond to Defendants' dispositive motions within the time allotted by Local Rule 7.2. He has, therefore, waived any opposition to the arguments set forth in those motions.

For the foregoing reasons, Plaintiff's complaint is **DISMISSED**. The Clerk is directed to enter final judgment in favor of Defendants in this case.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT